Richard and Marion SNYDER,
Appellants/Cross-appellees,

v.

INTERNAL REVENUE SERVICE,
Appellee/Cross-appellant,

Richard and Marion Snyder,
Appellants,

v.

United States of America, Appellee.

Bankruptcy No. 99–53312–SD.
Adversary No. 99–5583–SD.
Civ. Nos. L–03–1539, L–03–1868.

United States District Court,
D. Maryland.

Sept. 30, 2005.

Richard E. Snyder, Davidsonville, MD, pro se.

**MEMORANDUM**

LEGG, Chief Judge.

## I. Introduction

Because this case is complicated, a brief introduction is in order. This is a bankruptcy appeal that calls into question whether the Internal Revenue Service ("IRS" or "Service") followed certain technical procedures mandated by Congress for assessing income taxes against Richard and Marion Snyder and using its lien authority to collect the money due. On September 27, 2005, the Court held a hearing in which counsel for the IRS, Gregory S. Hrebiniak, Esquire, and Mr. Snyder participated. Having heard from both parties, the Court concludes that the IRS failed to follow a necessary step and that the Bankruptcy Court's April 18, 2003 Order must be vacated and the case remanded for further proceedings to address the implications of the reversal.

Sections 6212 and 6213 of the Internal Revenue Code govern tax deficiencies and assessments. *See* 26 U.S.C. §§ 6212, 6213.

If the IRS determines that there is a tax deficiency, it must advise the taxpayer through a notice of deficiency. The taxpayer then has 90 days in which to petition the Tax Court for a re-determination of the deficiency. The IRS cannot assess the taxes owed until the expiration of the 90–day period or, if the taxpayer files a petition with the Tax Court, until the Tax Court's decision becomes final. *Id.* §§ 6212(a), 6213(a).

There is an exception to the notice of deficiency requirement. If a taxpayer's return contains a mathematical or clerical error, the IRS may, without providing the taxpayer with prior notice of the deficiency, summarily rectify the error by assessing the correct amount of tax due. Upon receipt of the correction, the taxpayer, without more, does not have the right to appeal to the Tax Court. The taxpayer may, however, file a request for abatement within 60 days. If he does, then the assessment is abated and the IRS must revert to the regular deficiency procedure, including the 90–day letter prescribed by Section 6213(a). *See id.* § 6213(b)(1) & (2).

According to the legislative history, the taxpayer's failure to file a necessary supporting schedule is treated as a mathematical error, allowing the IRS to proceed under the summary assessment procedures by summarily disallowing the claimed deduction.[1] As the legislative his-

---

1. The legislative history states the following regarding the omission of a supporting schedule:

   The next category is "an omission of information which is required to be supplied on the return to substantiate an entry on the return." The intent of this provision is to deal with situations where items should be supported by schedules which are part of the return. For example, if deductions are itemized (rather than the taxpayer taking the standard deduction), Schedule A should be included with the return. Similarly,

   Schedule G should be included if the taxpayer claims the benefits of income averaging. Also, Form 4726 should be included if the taxpayer claims the benefits of the maximum tax. Where the necessary supporting schedule is omitted from the return, then the Service may proceed under this provision by disallowing the beneficial treatment—unless the taxpayer supplies the necessary schedule. Here, too, the notification by the Service should be so designed as to encourage the taxpayer to supply the omitted schedule. If the taxpayer supplies the

tory states, the IRS's notice informing the taxpayer of the error "should be so designed as to encourage the taxpayer to supply the omitted schedule." S. REP. No. 94–938, pt. 1, at 377 (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 3806–07. If the taxpayer furnishes the omitted schedule within the allotted time, then supplying the schedule "is to be treated as a request for an abatement of the summary assessment." *Id.*

In this case, Richard and Marion Snyder filed a Schedule A to their 1988 income tax return.[2] In it, they claimed substantial deductions based on a downward reappraisal of real estate.[3] The IRS apparently mislaid the Schedule A. Believing that the Snyders had failed to file the necessary supporting schedule, the IRS, using its summary assessment procedures, disallowed the claimed deduction. Stated otherwise, the IRS did not send the Snyders a notice of deficiency.

The United States Court of Appeals for the Fourth Circuit has held that "[t]he requirement that a notice of deficiency be issued to the taxpayer is not a mere technicality. This notice serves as a jurisdictional prerequisite for a taxpayer to challenge an assessment in Tax Court". *Singleton v. United States,* 128 F.3d 833, 839 (4th Cir.1997). In *Singleton,* the IRS failed to issue the requisite notice of deficiency prior to making a supplemental assessment. Because the IRS had not complied with "this vital procedural step," the Fourth Circuit declared the IRS's assessment itself invalid. *Id.*

Applying *Singleton,* the Court finds that the IRS's February 4, 1991 assessment for the Snyders' 1988 tax is invalid. Accordingly, the Court will, by separate Order:

  (i) AFFIRM IN PART and REVERSE IN PART the Bankruptcy Court's ruling;

  (ii) VACATE the Bankruptcy Court's April 18, 2003 Order Determining Tax Liability;

  (iii) REMAND Adversary No. 99–5583 to the Bankruptcy Court for proceedings consistent with this opinion; and

  (iv) DIRECT the Clerk to CLOSE these cases.

## II. Procedural History

*Pro se* appellants Richard and Marion Snyder[4] filed the following two consolidated appeals: Civil No. L–03–1539 and Civil No. L–03–1868. In Civil No. L–03–1539, the Snyders and the IRS cross-appeal United States Bankruptcy Judge E. Stephen Derby's April 18, 2003 Order Determining Tax Liability, issued in Adversary No. 99–5583.

In Civil No. L–03–1868, the Snyders challenge Judge Derby's May 28, 2003 Or-

---

omitted schedule, then this justification for use of the summary assessment procedure is no longer applicable, and the supplying of the schedule is to be treated as a request for an abatement of the summary assessment. If the omitted schedule itself presents other mathematical or clerical errors (such as errors in addition or inconsistent entries), then this may be a justification for initiating a new summary assessment procedure based on these asserted errors. S.REP. No. 94–938, pt. 1, at 377 (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 3806–07.

**2.** The Snyders claim that they filed an original and, later, an amended Schedule A. The IRS concedes (and the Bankruptcy Court found) that the IRS received at least one of the Schedules.

**3.** Neither the briefs nor the Bankruptcy Court's opinion explain the real estate transactions at issue or their tax implications.

**4.** The Snyders are no strangers to this Court, having filed at least seven bankruptcy appeals over the last few years.

der Denying Motions to Compel, to Show Cause, and for Sanctions as Moot, also issued in Adversary No. 99–5583. Judge Derby denied the Snyders' motions because his Order Determining Tax Liability resolved the issues raised therein.

Because the appeals arise from the same adversary case and the resolution of both appeals rests on the Court's review of the Order Determining Tax Liability, the Court consolidated the cases and designated Civil No. L–03–1539 as the lead case.

### III. Civil No. L–03–1539

On July 21, 1999, the Snyders filed an adversary proceeding against the IRS, asking the Bankruptcy Court to determine their individual income tax liabilities for 1988 and 1989. (*See* Adversary No. 99–5583–SD.) After resolving numerous underlying issues, the Bankruptcy Court delivered its final decision in an April 18, 2003 Order Determining Tax Liability.[5]

### A. Summary Assessment of Snyders' 1988 Income Tax Liability

One of the underlying issues concerns the assessment of the Snyders' 1988 income tax liability. The Bankruptcy Court ruled that (i) the IRS improperly assessed the Snyders' 1988 tax without first issuing a notice of deficiency; and (ii) the lien for the Snyders' 1988 tax was, therefore, void and unenforceable, meaning that the 1988 tax claim was unsecured. On appeal, the IRS contends that it was not required to issue a notice of deficiency.[6] The Snyders

---

5. The Bankruptcy Court ruled as follows:
   (i) the Snyders' "unpaid individual income tax liability for 1988 is $60,214.94 in tax, $3,010 in Sec. 6653(a) penalties, plus $86,344.55 in interest to petition date;"
   (ii) the Snyders' "unpaid individual income tax liability for 1989 is $46,795 in tax, $9,359 in Sec. 6662 penalties, plus $54,770.35 in interest to petition date;"
   (iii) the Snyders "are due a credit for 1987 in the amount of $40,251, plus interest to petition date of $57,571.94;"
   (iv) "the income tax claims for 1988 and 1989, with interest, are unsecured priority claims, and ... the Secs. 6653 and 6662 penalties are general unsecured claims;" and
   (v) "the assessment for 1988 made on December 5, 1990, is improper and is to be abated, and the corresponding liens released."
   (*See* Adversary No. 99–5583–SD, Docket No. 75.)

6. The Federal Rules of Bankruptcy Procedure require a cross-appeal to be filed within ten days of the filing of the notice of appeal. Fed. R. Bankr.P. 8002(a). The IRS, however, did not file its cross-appeal, in which it raised the notice of deficiency issue, until eleven days later. Accordingly, the Court, *sua sponte*, asked the parties to brief the timeliness of the IRS's cross-appeal.

The IRS claims that it did not file its cross-appeal within the ten-day period because the Bankruptcy Clerk's Office did not mail the Snyders' notice of appeal to the IRS's attorney as required by Rule 8004 of the Federal Rules of Bankruptcy Procedure. The Court is not surprised that the IRS's attorney did not receive papers in this case. Over the course of several months, the Snyders filed four separate appeals from orders entered in the Bankruptcy Court and filed numerous pleadings in connection with their appeals. *See* Civil Nos. L–03–1539, L–03–1840, L–03–1841, and L–03–1868. This engendered confusion in the Clerk's Office regarding docketing, and the appeals were plagued by problems regarding the proper docketing and transmission of documents.

It is unclear, however, whether the Clerk's failure to mail the notice of appeal to the IRS's attorney extends the time for filing the cross-appeal. The IRS cites to case law suggesting that the Bankruptcy Clerk's delay in mailing a notice of appeal may extend the time period for the appellant to object to referral of the appeal to a bankruptcy appellate panel. *See In re Jennings*, 83 B.R. 752 (D.Nev.1988). The parties have not cited to, and the Court has not found, any case law discussing this principle in the context of filing a cross-appeal.

The Court, however, sees no practical reason to expend time and resources addressing

argue that the appropriate remedy for the IRS's failure to issue a notice of deficiency was to invalidate the 1988 assessment, not just the resulting tax lien.

### 1. The IRS was Required to Issue a Notice of Deficiency

■ The omission of a Schedule A constitutes a "mathematical or clerical error" rendering it unnecessary for the IRS to issue a notice of deficiency prior to assessing tax. *See* 26 U.S.C. § 6213(g)(2). Although the assessment notice claimed that the Snyders had not attached their Schedule A to their return, the Bankruptcy Court found that the IRS had the Snyders' Schedule A in its possession when it assessed the tax. The Bankruptcy Court, therefore, ruled that the "mathematical or clerical error" exception to the deficiency notice requirement did not apply and that, accordingly, the IRS was required to issue a notice of deficiency before assessing the Snyders' 1988 tax. For the following reasons, the Court will AFFIRM the Bankruptcy Court's ruling.

■ First, the Bankruptcy Court's factual findings were not clearly erroneous. *See In re Inner City Mgmt., LLC,* 2004 WL 964284, at *2 (D.Md. May 5, 2004) ("On appeal, district courts review bankruptcy courts' factual findings for clear error."). The Bankruptcy Court found that the Snyders had filed their 1988 tax return and the accompanying Schedule A, but that the IRS had misplaced it.[7] Then, believing that the Snyders had not filed a Schedule A, the IRS assessed the Snyders' 1988 tax on February 4, 1991,[8] without first sending the Snyders a notice of deficiency.

The IRS has made no effort to shoulder the heavy burden of showing that Judge Derby's factual findings were clearly erroneous. In its briefs and during the Court's September 27, 2005 hearing, the IRS argued that it had reviewed the various Schedules A filed by the Snyders prior to the February 4, 1991 assessment, but, for the following reasons, treated them as if they had not been filed: (i) the Snyders had filed inconsistent Schedules A, and the IRS was not sure which one to use in calculating the Snyders' tax; (ii) the Snyders used the wrong schedule (a Schedule A as opposed to a Schedule C) for declaring a $1 million loss on the sale of property; and (iii) the Snyders did not attach information necessary to support the alleged $1 million loss. The IRS is not asserting newly discovered facts that were not presented to the Bankruptcy Court. To the contrary, during the hearing before this Court, the IRS candidly admitted that it had presented this version of the facts to the Bankruptcy Court, which rejected it. The IRS has offered nothing to show that

---

the jurisdictional question. The cross-appeal has no merit. Moreover, based on the issues raised in the Snyders' appeal, the Court is vacating the Bankruptcy Court's April 18, 2003 Order that is at the heart of both appeals.

7. Specifically, the Bankruptcy Court made the following factual findings: On November 20, 1989, the Snyders filed a 1988 income tax return. On Schedule A, attached to their return, they claimed $1,371,269 in itemized deductions. On April 11, 1990, the Snyders filed an amended 1988 return with a revised Schedule A, which claimed only $633,290 in itemized deductions. The Snyders reduced

their itemized deductions to account for a reduction in the appraised value of commercial property that they owned. On January 7, 1991, the Snyders filed a duplicate of their original 1988 tax return and their original Schedule A. Correspondence between the IRS and the Snyders indicates that the IRS misplaced the Snyders' Schedule A.

8. The IRS assessed the following amounts: (i) taxes of $57,522.72, (ii) a penalty of $14,380.68 for failure to timely file the 1988 return, and (iii) interest in the amount of $15,203.12. (*See* Gov't Trial Ex. 2.)

the Bankruptcy Court committed clear error in rejecting the IRS's factual account.

Second, the summary assessment notice supports the Bankruptcy Court's findings. As the IRS conceded during the hearing, the Internal Revenue Code requires a summary assessment notice to "set forth the error alleged and an explanation thereof." 26 U.S.C. § 6213(b)(1). The February 4, 1991 notice states only that the Snyders' Schedule A was "either incomplete or not attached to [their] return." It does not mention the above problems cited by the IRS and fails to even recognize that the Snyders filed two different returns.

Third, the IRS conceded that it had the Snyders' Schedule A in its possession and that, as a result, the "mathematical or clerical error" does not apply. The IRS agreed with the Court that the "mathematical or clerical error" exception is limited to situations in which (i) a taxpayer's return contains errors in mathematical calculation, or (ii) a taxpayer fails to attach a schedule. In both situations, there is no argument about the merits of the taxpayer's claimed deductions. Rather, the taxpayer simply made an error totaling the numbers on the return, or, if he failed to file a required schedule, offered no reason for the deduction taken.

If a taxpayer claims a deduction and files the supporting schedule, then the "mathematical or clerical exception" does not apply. Even if the claimed deduction is clearly fanciful and a "non-starter," because the taxpayer has asserted a rationale for the deduction, the IRS cannot handle it through the summary assessment procedure. Rather, it must address it on its merits by issuing a notice of deficiency to the taxpayer.

In this case, the Bankruptcy Court found (and the IRS conceded) that the

Snyders filed a Schedule A prior to the summary assessment. Accordingly, the "mathematical or clerical exception" does not apply, and the IRS was required to issue a notice of deficiency.

## 2. The Bankruptcy Court Applied the Incorrect Remedy

■ The Snyders contend that the Bankruptcy Court applied the incorrect remedy for the IRS's failure to issue a notice of deficiency. Specifically, they argue that the Bankruptcy Court should have voided the 1988 assessment itself, not just the tax lien. The Court agrees.

In deciding to void only the tax lien, the Bankruptcy Court relied upon Senior United States District Judge Marvin J. Garbis's decision in *Blackston v. United States*, 778 F.Supp. 244 (D.Md.1991). That case, however, did not concern a failure to issue a notice of deficiency. Rather, the IRS had issued a notice of deficiency, and the issue before the court was what remedy to apply (either voiding the tax lien or the assessment itself) when the IRS had made a clerical error by failing to send a post-assessment notice to the taxpayer as required by 26 U.S.C. § 6303(a).

■ The Fourth Circuit's opinion in *Singleton v. United States*, 128 F.3d 833 (4th Cir.1997) is more on point. In that case, the Fourth Circuit noted that, "[t]he requirement that a notice of deficiency be issued to the taxpayer is not a mere technicality. This notice serves as a jurisdictional prerequisite for a taxpayer to challenge an assessment in Tax Court. Taxpayers should not be deprived of their access to the Tax Court because of a mistake by the IRS." *Singleton*, 128 F.3d at 839.

Applying *Singleton*,[9] the Court finds that the IRS's February 4, 1991 assess-

---

**9.** *See also United States v. Frontone,* 383 F.3d    656, 658 (7th Cir.2004) (citing *Singleton* as

ment for the Snyders' 1988 tax is invalid.[10] For the foregoing reasons, the Court will, by separate Order, (i) REVERSE the Bankruptcy Court's ruling invalidating only the lien, and not the assessment itself; (ii) VACATE the April 18, 2003 Order Determining Tax Liability; and (iii) REMAND Adversary No. 99–5583 for the Bankruptcy Court to address the implications of the reversal.

### B. Four Additional Issues Appealed by the Snyders

The Snyders raise four additional issues on appeal. First, they argue that the IRS's Proof of Claim, filed on April 13, 1999, is defective because it was based on information obtained from the invalid February 4, 1991 assessment. Second, they contend that because the Proof of Claim clearly stated that the IRS's tax claim was not subject to any set-off, the Bankruptcy Court should have ruled that the IRS could not use the Snyders' 1987 tax refund as a set-off against the Snyders' 1988 and 1989 tax liabilities. Third, the Snyders seek a refund of a $25,000 deposit they made for the 1988 tax year. Fourth, the Snyders argue that a Federal Court of Claims decision did not collaterally estop them from litigating in their adversary case whether a 1991 capital loss could be carried back to 1988.

The Court is remanding the adversary case to the Bankruptcy Court for it to determine how the invalidation of the February 4, 1991 assessment affects the other issues in this case. The Bankruptcy Court's rulings on these four additional issues are, therefore, subject to change or may even now be moot. On remand, the Bankruptcy Court should consider how the Court's reversal affects these issues.

### IV. Civil No. L–03–1868

In Civil No. L–03–1868, the Snyders challenge the Bankruptcy Court's May 28, 2003 Order Denying Motions to Compel, to Show Cause, and for Sanctions as Moot. The Bankruptcy Court denied the motions as moot because it concluded that the Order Determining Tax Liability resolved the issues raised therein. As stated above, the Court is vacating the Order Determining Tax Liability and remanding the adversary case for the Bankruptcy Court to determine the implications of the reversal. On remand, the Bankruptcy Court should consider how the Court's reversal affects the Snyders' motions.

### V. Conclusion

For the foregoing reasons, the Court will, by separate Order,

(i) AFFIRM the Bankruptcy Court's ruling that the IRS improperly assessed the Snyders' 1988 tax without first issuing a notice of deficiency;

support for the proposition that when a notice of deficiency does not precede an assessment, the assessment is invalid); *Philadelphia & Reading Corp. v. United States,* 944 F.2d 1063, 1072 (3rd Cir.1991) ("An assessment of taxes that is not preceded by the statutorily required notice of deficiency ... is illegal."); *Russell v. United States,* 774 F.Supp. 1210, 1215–16 (W.D.Mo.1991) (stating that the IRS's failure to issue the statutory notices of deficiency "nullifies the assessments levied and permanently bars the IRS from assessing plaintiffs for the alleged tax deficiencies");

*United States v. Eisenhardt,* 437 F.Supp. 247, 250 (D.Md.1977) (stating that without a proper notice of deficiency, the "subsequent assessment of penalties and interest became a nullity").

10. During the September 27, 2005 hearing, the parties briefly discussed the effect of the Court's ruling. The IRS contended that it is still permitted to issue a new assessment for the Snyders' 1988 tax. Mr. Snyder disagreed. This issue is not before the Court, however.

(ii) REVERSE the Bankruptcy Court's ruling voiding only the lien for the Snyders' 1988 tax, rather than the tax assessment itself;

(iii) VACATE the Bankruptcy Court's April 18, 2003 Order Determining Tax Liability;

(iv) REMAND Adversary No. 99–5583 to the Bankruptcy Court for proceedings consistent with this opinion; and

(v) DIRECT the Clerk to CLOSE these cases.