

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Snyder v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Snyder v. USA" (2008). *2008 Decisions*. Paper 1742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2106
_____

RICHARD SNYDER;
MARION SNYDER,
Appellants

v.

UNITED STATES OF AMERICA
c/o Internal Revenue Service


_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 04-cv-00005)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2007
Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: January 15, 2008)
_____

OPINION
_____

PER CURIAM

Richard Snyder and Marion Snyder appeal, pro se, from the order of the United

States District Court for the District of Delaware granting summary judgment in favor of

the Appellee United States of America c/o Internal Revenue Service (hereinafter "IRS")

as to Appellants' claims and denying leave to amend the complaint. We will affirm.

I.

This appeal arises out of tax liens entered by the IRS against Appellants' properties in connection with their 1988 income tax return. Although Appellants had filed the requisite Schedule A for their claimed deductions, it appears that the IRS mislaid the document. Believing that the supporting schedule had never been submitted, the IRS concluded that there was a mathematical error in Appellants' 1988 return. Such an alleged error allowed the IRS to use its summary assessment procedures and assess the tax liability without first furnishing Appellants with a notice of deficiency. See, e.g., I.R.C. §§ 6213(b)(1), (2). The IRS accordingly issued a correction notice and filed liens on Appellants' Washington, D.C. and Maryland properties. On or about June 30, 1998, Appellants' attorney submitted to the IRS a lien release request pursuant to Treas. Reg. § 401.6325, referring specifically to the Washington, D.C. lien. The IRS expressly denied this request by letter dated September 3, 1998. Over time, Appellants have filed additional pro se requests with the IRS, which frequently stated their intent to seek judicial relief and damages.

On March 15, 1999, Appellants filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. Appellants then commenced an adversary proceeding against the IRS, requesting a determination of their individual income tax liabilities for 1988 and 1989. The bankruptcy court orally ruled on the impropriety of the assessment process and the

2

resulting liens at a May 14, 2001 hearing. It subsequently entered written orders on July 20, 2001 and April 18, 2003. In essence, the bankruptcy court found that Appellants had in fact filed a Schedule A with their 1988 tax return and that the "mathematical or clerical error" exception to the notice of deficiency requirement was therefore inapplicable. It accordingly concluded "that the assessment for 1988 . . . is improper and is to be abated and the corresponding liens released." Snyder v. United States, No. 99-53312 SD, ADV 99-5583 SD, 2003 WL 21224785, at *1 (Bankr. D. Md. Apr. 18, 2003). Both Appellants and the IRS appealed to the United States District Court for the District of Maryland, which disposed of the appeals on September 30, 2005. Snyder v. IRS, 337 B.R. 542 (D. Md. 2005). The Maryland district court affirmed the ruling by the bankruptcy court with respect to the IRS's failure to comply with the applicable deficiency notice requirement. However, it reversed the bankruptcy court's determination to void the liens only, agreeing with Appellants that the 1988 tax assessment should also be voided. Deciding not to appeal the Maryland district court's ruling, the IRS released the liens on January 23, 2006.

On January 5, 2004, Appellants filed a civil complaint with the District Court, seeking damages pursuant to I.R.C. § 7432 for the IRS's failure to release the liens. They specifically alleged that such a release had not occurred even though the bankruptcy court invalidated the liens in its May 14, 2001 ruling. The District Court granted the IRS's motion to dismiss as to the § 7432 claim on April 11, 2005, determining that it was time-barred pursuant to the applicable two-year statute of limitations. The District Court

3

further granted Appellants' motion to amend their complaint to assert a claim to quiet title under 28 U.S.C. § 2410.

Appellants then submitted a motion to reinstate their § 7432 claim based on the September 30, 2005 decision by the district court in Maryland. They essentially admitted that their original complaint was premature because there was no final judicial ruling voiding the liens until September 30, 2005. The District Court reinstated the § 7432 claim on March 31, 2006 due to the IRS's "inexplicab[le]" failure to respond to Appellants' motion. (Supp. App. at 16 (3/31/06 Order).)

After this reinstatement, the parties cross-moved for summary judgment. Appellants moved for a trial and also filed a document entitled an "amended complaint," which was docketed as a motion to amend or correct. In an order entered on February 13, 2007, the District Court granted summary judgment to the IRS and denied Appellants' motions for summary judgment, trial, and leave to amend. It specifically found that the quiet-title claim under § 2410 was now moot because the IRS had already released the liens and that the § 7432 damages claim was time-barred for the reasons provided in its April 11, 2005 memorandum and order. It further denied the motion to amend. Appellants filed a timely notice of appeal.[1]

---

[1] In addition to the appellate briefs of the parties, we have before us a supplemental filing by the Appellants entitled an "Amended Informal Brief." This document was received but not filed by the Clerk on August 15, 2007. The Clerk sent Appellants a noncompliance letter dated August 22, 2007, requesting that they submit a motion to file this brief. No such motion has been received.

II.

On this appeal, we are not directly concerned with the validity and propriety of the tax liens entered against Appellants' property and since released by the IRS in January 2006. In fact, the IRS does not contest the judicial findings by the Maryland district court that "the IRS improperly assessed the [Appellants'] 1988 tax" and that the resulting liens were therefore void and unenforceable. (Appellee's Br. at 4-5 (citing Snyder, 337 B.R. at 544).) Instead, we must decide whether the District Court was correct to grant summary judgment to the IRS on the grounds that it could provide no further relief as to Appellants' quiet-title claim given the release of the liens and that their damages claim was time-barred. We conclude that the District Court was in fact correct.[2]

28 U.S.C. § 2410(a) states in relevant part that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter – (1) to quiet title to . . . . real or personal property on which the United States has or claims a mortgage or other lien." We have held that the release of liens after the civil action itself was commenced does not strip a federal court of the subject matter jurisdiction it otherwise possessed. See, e.g., Kabakjian v. United States, 267 F.3d 208, 212 (3d Cir. 2001) (citing Kulawy, 917 F.2d 729, 733-34 (2d Cir.

_____

[2] We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a summary judgment ruling is plenary. See, e.g., Cardenas v. Massey, 269 F.3d 251, 254 (3d Cir. 2001). Summary judgment is appropriate where here is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See, e.g., Fed. R. Civ. P. 56(c); Cardenas, 269 F.3d at 254.

1990)).  While acknowledging that it still had jurisdiction, the District Court nevertheless considered the quiet-title action moot because the IRS had released the liens on January 23, 2006.  As it noted, "only equitable relief affecting title, and not damages, may be awarded" in a § 7410 action.  Kulawy, 917 F.2d at 736.  Appellants themselves acknowledge as much, asserting that they actually sought damages under I.R.C. § 7432.  Once the IRS released the liens, the District Court could provide no other relief to Appellants with respect to their § 2410 quiet-title claim.  Accordingly, it had no choice but to grant summary judgment to the IRS as to this claim.[3]

Unlike the quiet-title provision, I.R.C. § 7432 expressly authorizes an award of monetary damages.  This statute provides that, "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."  I.R.C. § 7432(a).  I.R.C. § 6325(a)(1) requires that "the Secretary shall issue a certificate of release of any lien . . . not later than 30 days after the day on which . . . the Secretary finds that liability for the amount assessed, together with all interest in respect thereof, . . . has

_____

[3] The lack of any possible relief under § 2410 therefore distinguishes this case from the prior decisions cited by Appellants.  In these prior decisions, the IRS had actually seized and sold the properties in question, and the taxpayers accordingly requested that the district court void both the seizures and the subsequent transfers to third parties.  See Kabakjian, 267 F.3d at 209-10, 213; Aqua Bar & Lounge, Inc. v. United States, 539 F.2d 935, 935 (3d Cir. 1976).  In this case, the IRS never seized nor sold Appellants' property, which they now appear to hold free and clear of any federal property interest.

6

become legally unenforceable." In turn, the applicable Treasury regulation states that such a finding of unenforceability "is treated as made on the earlier of:"

> (1) The date on which the district director of the district in which the taxpayer currently resides or the district in which the lien was filed finds . . . legal unenforceability; or
> (2) The date on which such district director receives a request for a certificate of release of lien in accordance with [Treas. Reg.] § 401.6325-1(f), together with any information which is reasonably necessary for the district director to conclude that the lien . . . is legally unenforceable.

Treas. Reg. § 301.7432-1(b). I.R.C. § 7432 contains its own statute of limitations, mandating that any action "be brought only within 2 years after the date the right of action accrues." I.R.C. § 7432(d)(3). Accrual under this provision occurs when the taxpayer has "had a reasonable opportunity to discover all essential elements of a possible cause of action." Treas. Reg. § 301.7432-1(i).

The District Court applied this statute of limitations to find that Appellants' cause of action was time-barred. Based on the original complaint's allegations and the IRS's motion to dismiss, the District Court found in its April 11, 2005 memorandum and order that Appellants' § 7432 claim "accrued when the bankruptcy court voided the liens on May 14, 2001." (Supp. App. at 6 (4/11/05 Mem.).) After reinstating the damages claim, the District Court rejected it again on the same grounds. On appeal, the IRS argues for the first time that the claim actually accrued even earlier, specifically on July 31, 1998. On or about June 30, 1998, Appellants, through counsel, submitted a lien release request to the IRS. Pursuant to Treas. Reg. § 301.7432-1(b), the IRS is treated as having found that the underlying liability was unenforceable on the same date. The IRS argues that it

7

then had 30 days in which to release the lien, with any § 7432 claim for failure to do so accruing on the 31st day, or, in this case, on July 31, 1998. Regardless of whether the IRS's theory of accrual is correct under the applicable statutory and regulatory language, the action itself was untimely even based on the accrual date expressly chosen by the District Court, because the complaint was not filed within two years of the May 14, 2001 oral ruling.

In any case, we do reject Appellants's assertion that their cause of action did not accrue until the Maryland district court issued its September 30, 2005 ruling determining that the liens and the underlying tax assessment were both void.[4] Given the governing statutory and regulatory framework, a taxpayer need not wait till a court enters a final order invalidating either the tax lien or the underlying tax liability before bringing suit under § 7432. On the contrary, § 6325(a) refers to the *Secretary*'s finding of unenforceability. There was no genuine issue of material fact as to Appellants having "a reasonable opportunity to discover all essential elements of a possible cause of action" before September 30, 2005. Treas. Reg. § 301.7432-1(i). Prior to this date, they filed numerous submissions challenging the liens with the District Court, the federal courts in Maryland, and the IRS itself. In fact, Appellants did not wait for an allegedly final

---

[4] Appellants have also pointed to other alleged "accrual dates," such as the IRS's alleged "secret" removal on February 22, 1999 of the penalty for late filing. Under the statutory and regulatory framework governing accrual, Appellants' assertions appear to lack merit. Furthermore, even if their claim did in fact accrue in February 1999, their complaint would still have been untimely.

8

judicial order, commencing this current action more than a year and a half before the Maryland district court ruling.

Therefore, the two-year statute of limitations bars Appellants' § 7432 claim. Appellants argue that they are entitled to relief from the limitations period based on such grounds as equitable tolling, fraudulent concealment, and equitable estoppel. They point to a variety of alleged acts of misconduct by the IRS and its attorneys, including their conduct in the Maryland bankruptcy proceedings. Even if true, such admittedly troubling acts did not mislead Appellants as to their own damages claim or otherwise prevent them from filing suit in a timely fashion. See, e.g., Young v. United States, 535 U.S. 43, 50 (2002); United States v. Beggerly, 524 U.S. 38, 49 (1999) (Stevens, J., concurring). In fact, Appellants demonstrated they had sufficient knowledge and capacity to file a timely lawsuit by submitting various administrative filings, including their June 1998 administrative request for a lien release.

We also must reject Appellants' passing reference to the continuing violation doctrine. The alleged conduct of the IRS in this case appear to constitute discrete acts, which fall outside the scope of this doctrine. See, e.g., Cowell v. Palmer, 263 F.3d 286, 291-95 (3d Cir. 2001); Dziura v. United States, 168 F.3d 581, 583 (1st Cir. 1999).

Finally, the District Court properly denied leave to amend the complaint with respect to new claims under I.R.C. §§ 7430 and 7433. Appellants apparently argue that they had already alleged these two statutory claims in their pleadings. This is incorrect because no properly filed pleading contained these claims, and the District Court itself

9

never granted Appellants leave to raise them. As noted by the District Court, Appellants did not specifically request permission to add these causes of action. For instance, their self-styled "amended complaint," filed on the District Court docket as a motion to amend, merely reiterated their arguments with respect to the then-pending claims under §§ 2410 and 7432, without making any reference to either § 7430 or § 7433. In their various District Court filings, Appellants made, at best, isolated and passing references to these two statutory provisions, in contrast to their invocation of § 7432 and their successful motion to add a quiet-title claim under § 2410. In these circumstances, the District Court committed no error in denying leave to amend.[5]

## III.

For the foregoing reasons, we conclude that the District Court correctly granted summary judgment to the IRS as to Appellants' quiet-title and damages claims and properly denied leave to amend. Therefore, we will affirm.

---

[5] Furthermore, it appears that any amendment would have been futile because Appellants did not have a viable cause of action under either statutory provision. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962). Because Appellants were not successful in this litigation, they cannot be considered "prevailing parties" under § 7430. § 7433, authorizing damages claims on account of unlawful collection actions, contains its own two-year statute of limitations. See I.R.C. § 7433(d)(3). Accordingly, the District Court correctly found that any § 7433 claim would be time-barred "under the same analysis" it used to dispose of Appellants' § 7432 cause of action. (2/13/07 Order at 4 n.4.)

10