**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2456**

ALAN ZINSTEIN; JANE SILK,

             Plaintiffs - Appellants,

        v.

UNITED STATES OF AMERICA,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:13-cv-00633-JCC-IDD)

Submitted: September 29, 2014          Decided: October 1, 2014

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Paul Kawel, KAWEL PLLC, Miami, Florida, for Appellants. Kathryn Keneally, Assistant Attorney General, Jonathan S. Cohen, Kenneth W. Rosenberg, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Zinstein and Jane Silk ("Taxpayers") appeal from the district court's orders dismissing their complaint in which they alleged that the Internal Revenue Service failed to timely release a tax lien and wrongfully levied on their property, and denying their motion for reconsideration. The district court determined that the Taxpayers failed to exhaust their administrative remedies and also filed their complaint beyond the two-year statute of limitations. We affirm.

The limitations period for actions under 26 U.S.C. §§ 7432, 7433 (2012) is two years from the date the "taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(i)(2); 301.7433-1(g)(2) (2010). This statute of limitations, because it represents a waiver by the United States of its sovereign immunity, is a prerequisite to the district court's jurisdiction. See Gandy Nursery, Inc. v. United States, 318 F.3d 631, 637 (5th Cir. 2003) (upholding district court's dismissal of untimely 26 U.S.C. § 7433 claim for lack of subject matter jurisdiction). Here, the causes of action in Taxpayers' complaint accrued in April 2008, when the Internal Revenue Service first levied upon the Taxpayers' property. See Keohane v. United States, 669 F.3d 325, 329 (D.C. Cir. 2012) (holding that continuing violation did not apply to § 7433

2

action, but rather cause of action accrued when taxpayer knew of levy); Snyder v. United States, 260 F. App'x 488, 493 (3d Cir. 2008); Macklin v. United States, 300 F.3d 814, 824 (7th Cir. 2002) (rejecting continuing violation theory in circumstance where there is a "single alleged wrong, the filing of a tax lien").  The complaint, filed in May 2013, was filed beyond the two-year limitations period, and therefore the district court properly dismissed it for lack of jurisdiction.

Accordingly, we affirm the district court's orders dismissing the action for lack of jurisdiction and denying reconsideration.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED